UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID GARCIA,

                Plaintiff,

-against-

WAL-MART STORES EAST, LP.,

                Defendant.

**ORDER**

22-CV-00725 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 27, 2022, Defendant Wal-Mart Stores East, LP ("Defendant") filed a Notice of Removal intending to remove this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1, "Not. of Removal"). For the reasons below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

**BACKGROUND**

On or about December 20, 2021, Plaintiff David Garcia ("Plaintiff") filed a Verified Complaint commencing this action against Defendant in the Supreme Court of the State of New York, County of Westchester. (*See* Doc. 1-1 at 1-7). Plaintiff alleged that he was injured on July 17, 2021 as he entered Defendant's store in Mohegan Lake, New York. (*Id*. at 3). Plaintiff does not specify his injuries. (*See id*. at 2-4). Defendant does not advise when service was effectuated, but it filed its Answer in the state court proceeding on January 5, 2022. (*See* Not. of Remova; Doc. 1-1 at 8-11).

Defendant argues that this Court has subject-matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) Plaintiff pled that his damages "exceed the jurisdictional limits for all other courts which would otherwise have jurisdiction pursuant to Civil Practice Law and Rules 3017(c)." (Not. of Removal ¶¶ 3-6).

**ANALYSIS**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendant need not "prove the amount in controversy to an absolute certainty," it "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

Plaintiff does not explain his injuries and alleges generally that he was:

> damaged in a sum which exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction pursuant to Civil Practice Law and Rules Section 3017(c).

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

2

(Doc. 1-1 at 3). The Court recognizes that, in an action to recover damages for personal injuries in New York, a complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Consequently, here, Plaintiff does not identify a specific sum of money, and alleges only—in conclusory language—that his damages exceed a statutory threshold. However, where removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2). The Court can make no such finding here.

Plaintiff provides no information as to his injuries and Defendant, in the most conclusory fashion, suggests that because Plaintiff has alleged that his damages "exceed the jurisdictional limits for all other courts" in accordance with N.Y. C.P.L.R. § 3017(c), 28 U.S.C. § 1332's amount in controversy requirement has been satisfied. (Not. of Removal ¶ 3). As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), such a conclusory statement that the amount in controversy *must* exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Brown v. NutriBullet, LLC*, No. 19-CV-5421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (alleging that the amount in controversy exceeds $75,000 upon information and belief, without more, is insufficient); *Villafana*, 2013 WL 2367792, at *2; *Sailer v. Responsive Trucking, Inc.*, No. 12-CV-4822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020); *Hughes v. Target Corp.*, No. 17-CV-03548, 2017

WL 2623861, at *2 (E.D.N.Y. June 15, 2017) ("Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.").

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action.

All pending matters are hereby terminated.

SO ORDERED:

Dated: White Plains, New York
January 31, 2022

_____
PHILIP M. HALPERN
United States District Judge